IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MATTHEW ALLEN TURNER**,

    Petitioner,

v.                                                                  Civil Action No. **3:22CV785 (RCY)**

**HAROLD W. CLARKE,**

    Respondent.

**MEMORANDUM OPINION**

Matthew Allen Turner, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 3) challenging his conviction in the Circuit Court for the City of Virginia Beach, Virginia ("Circuit Court"). Respondent moves to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Despite the provision of notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Turner did not respond. For the reasons that follow, the § 2254 Petition will be DENIED as barred by the statute of limitations.[1]

**I. Procedural History**

Turner pled guilty to two counts of robbery, two counts of robbery of a business, two counts of conspiracy to rob a business, one count of robbery of a residence, one count of attempted robbery, four counts of use of a firearm in the commission of a felony, and one count of wearing a mask in public. (ECF No. 14, at 1.) By Order entered on January 23, 2012, the Circuit Court sentenced Turner to an active sentence of 23 years of imprisonment. (ECF No. 14-2, at 2.) Turner did not appeal.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

On December 14, 2023, this Court received Turner's "Motion To Show Good Cause For Reconsideration For Sentence Reduction Under New Law." (ECF No. 1, at 1.) Given the content of that document, the Court gave Turner the opportunity file a 28 U.S.C. § 2254 petition. (ECF No. 2.) On January 23, 2023, Turner filed his § 2254 Petition. (ECF No. 3.) In his § 2254 Petition, Turner contends that he is entitled to relief upon the following grounds:

Claim One    Counsel failed to file an appeal as requested. (*Id.* at 5.)

Claim Two    Petitioner is entitled to a sentence reduction based on his good behavior in prison. (*Id.* at 7.)

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claim Two fails to present any cognizable basis for relief under 28 U.S.C. § 2254. Accordingly, Claim Two will be DISMISSED. As explained below, Claim One will be DISMISSED because it is barred by the relevant statute of limitations.

## II. Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

**1.**    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
**(A)**    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
**(B)**    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**2.** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A. Commencement and Running of the Statute of Limitations

Under 28 U.S.C. § 2244(d)(1)(A), Turner's conviction became final on Wednesday, February 22, 2012, when the time for filing a notice appeal expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a) (requiring notice of appeal to be filed within thirty (30) days). The one-year limitation period for filing his § 2254 Petition then expired on February 22, 2013. Because Turner failed to file his § 2254 Petition until many years after that date, it is barred by the relevant statute of limitations, unless Turner demonstrates an entitlement to a belated commencement of limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or an equitable exception renders his § 2254 Petition timely. As explained below, Turner fails to demonstrate any circumstance that would render his § 2254 Petition timely.

Turner may be entitled to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(D). This provision provides for a belated commencement of the limitation period until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Whether due

diligence has been exercised is a fact-specific inquiry unique to each case. *Wims v. United States*, 225 F.3d 186, 190–91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). "Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (citation omitted). Due diligence, however, "at least require[s] that a prisoner make *reasonable* efforts to discover the facts supporting his claims." *Id.* (citation omitted). Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005).

Here, Turner fails to advance any facts that demonstrate he acted diligently. Counsel's failure to pursue an appeal was discoverable as of February 23, 2012, when the failure to note an appeal was discoverable from review of the public record. *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003); *see Green v. Johnson*, 515 F.3d 290, 305 (4th Cir. 2008). Although Turner could have discovered his counsel's failure to pursue an appeal as of that date, "to require that he do so ignores the reality of the prison system and imposes an unreasonable burden on prisoners seeking to appeal." *Granger v. Hurt*, 90 F. App'x 97, 100 (6th Cir. 2004) (citing *Wims*, 225 F.3d at 190 n.4). While no "magic number" exists for the time afforded a reasonable prisoner to discover an appeal has not been pursued, a petitioner must offer some evidence that he acted with due diligence. *See Ryan v. United States*, 657 F.3d 604, 607–08 (7th Cir. 2011) (finding that "a reasonable prisoner may take at least two months . . . to suspect that counsel has dropped the ball, contact counsel or the court, wait for a response, and verify the suspicion"); *Granger*, 90 F. App'x at 100 (finding petitioner acted with due diligence when two-month delayed discovery claim was

supported by dated letter from his attorney and various state court filings seeking to perfect direct appeal).

Here, at the latest, acting with due diligence, Turner could have discovered that his counsel failed to note an appeal, within six months after the date for filing a notice of appeal expired. *Cf. El-Abdu'llah v. Dir., Va. Dep't of Corr.*, No. 3:07CV494, 2008 WL 2329714, at *2 (E.D. Va. June 4, 2008) ("[W]hen counsel's communications or lack thereof indicate that something is amiss with a petitioner's appeal, due diligence requires the petitioner to act on that information." (citing *Shelton v. Ray*, No. 7:05CV00271, 2005 WL 1703099, at *2 (W.D. Va. July 20, 2005); *Gonzalez-Ramos v. United States*, Nos. 05 Civ. 3974 & 99 Cr. 1112(LAP), 2007 WL 1288634, at *8 (S.D.N.Y. May 2, 2007))). Accordingly, under the present facts, a petitioner acting with reasonable diligence would have contacted the courts and discovered that his appeal had not been filed, at the very latest, by August 22, 2012. Therefore, the Court concludes that Turner is entitled to a belated commencement of the limitation period for his § 2254 Petition, until, at the latest August 22, 2012. Nevertheless, because Turner failed to file his § 2254 Petition until ten years after that date, the § 2254 Petition remains barred by the one-year statute of limitations.

The Court further notes that equitable tolling[2] would not render the § 2254 Petition timely. *See Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (observing that a petitioner is required "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances" (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990);

---

[2] The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

*Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999))). "Simply put, [Turner] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." *O'Neill v. Dir., Va. Dep't of Corr.*, No. 3:10cv157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011) (citations omitted); *cf. Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Claim One will be DISMISSED as barred by the statute of limitations.

### III. Conclusion

Respondent's Motion to Dismiss (ECF No. 13) will be GRANTED. Turner's claims will be DISMISSED. Turner's § 2254 Petition (ECF No. 3) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

It is so ORDERED.

/s/ RCY
Roderick C. Young
United States District Judge

Date: November 13, 2023
Richmond, Virginia